IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHN D COGBILL,

    Petitioner,

v.                                            CASE NO. 5:09-cv-399-RH-GRJ

KENNETH S. TUCKER,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Petition stems from Petitioner's June 16, 2004, jury trial conviction for one count of trafficking in methamphetamine and one count of possession of drug paraphernalia. Petitioner received 7 years imprisonment followed by 10 years of probation on the first count and time served on the second count. Petitioner was released from prison in January 2010. It appears that Petitioner violated his probation, as the DOC website reflects that Petitioner is currently incarcerated at Jackson C.I. until 2014 in connection with the same sentence. Respondent filed a response to the Petition and an appendix with relevant portions of the state-court record, and Petitioner filed a reply. (Doc. 20, 24, 54.) Upon due consideration of the Petition, the Response, the Reply, and the state-court record, the undersigned recommends that the Petition be denied.

## State-Court Proceedings

On July 23, 2003, Bay County Sheriff's deputies went to Petitioner's "residence"

---

[1]Kenneth S. Tucker became Secretary of the Florida Department of Corrections on August 24, 2011, and is substituted as respondent.

to execute a civil warrant for past due child support after receiving an anonymous tip that he was at that location.[2]  (Doc. 1.)  At his deposition, Deputy Steven Peoples testified that upon arriving at the windowless, garage-type structure where Petitioner lived, he knocked loudly on the door and turned the doorknob "just a little bit" so that the could yell inside.  (Doc. 3, p. 25.)  At Petitioner's trial, Deputy Peoples offered the same testimony.  He testified that after he announced his presence and Petitioner responded, he heard footsteps and opened the door a little bit further to ensure that Petitioner was not armed.  Petitioner then walked outside and surrendered to police.  Deputy Peoples testified that after Petitioner fully opened the door, he could smell fumes that burned his eyes and nose and then saw in the residence several jars with unidentified liquids.  At no point did he enter the building.  (Exh. Y.)  Deputy Peoples relayed this information to a narcotics investigator, Robert Duncan.

   Investigator Duncan went to the residence and observed outside, in plain view, several items indicative of methamphetamine manufacturing, such as a an empty package of pseudoephedrine tablets, a bottle of antifreeze, and a matchbook with the striker plate removed.   Investigator Duncan obtained a search warrant based on information from a confidential informant, Deputy Peoples' observations, and his own observations outside the residence.  (Doc. 3, pp. 36-40.)  The search resulted in the seizure of methamphetamine and related paraphernalia from the residence.  Petitioner was arrested and a jury convicted him of trafficking methamphetamine (more than 28 grams but less than 200 grams) and possession of drug paraphernalia.  Petitioner was

---

[2]The residence was described as a windowless, garage type structure that appeared to be a business.  Petitioner maintains that it was his residence.

*Case No: 5:09-cv-399-RH-GRJ*

sentenced to seven years in prison followed by 10 years of probation.  (Docs. 1, 3.)

Petitioner appealed his convictions, alleging error in denial of judgment of acquittal.  (Respondent's Exhibit B.) (hereafter "Exh.")  The First DCA affirmed without opinion on June 22, 2005.  *Cogbill v. State,* 905 So. 2d 893 (Fla 1st DCA 2005).

On August 18, 2005, Petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850.  (Exh. D.)  Petitioner raised six grounds for relief in his motion: six claims of ineffective assistance of counsel and one claim of jury instruction error.  An evidentiary hearing was conducted in May 2006.  (Exh. F.)  The trial court denied relief.  (Exh. E.)  The First DCA affirmed, *per curiam*, and mandate issued March 12, 2008.  (Exh. G-J); *Cogbill v. State,* 974 So. 2d 1070 (Fla. 1st DCA 2007.)

While his Rule 3.850 motion was pending, Petitioner filed a state habeas petition alleging ineffective assistance of appellate counsel, arguing fundamental error in the jury instructions.  (Exh. K.)  The First DCA denied the petition on the merits.  (Exh. L.); *Cogbill v. State,* 940 So. 2d 537 (Fla 1st DCA 2006). Petitioner also filed a Rule 3.800(a) motion to correct illegal sentence, which resulted in an amended order of probation issued September 10, 2008.  (Exhs. M-O.)  Petitioner then submitted a another state habeas petition, this time alleging ineffective assistance of postconviction appellate counsel; it was denied.  (Exhs. P-Q); *Cogbill v. State,* 995 So. 2d 1107 (Fla. 1st DCA 2008).  On March 20, 2009, Petitioner filed a second Rule 3.850 motion, which was summarily denied and later affirmed by the First DCA.  (Exhs. R-T); *Cogbill v. State*, 18 So.3d 531 (Fla 1st DCA 2009).  Petitioner also submitted a third state habeas petition, this time seeking belated appeal from the amended order of probation, on November 4, 2009.  The petition was granted, and the First DCA dismissed the appeal on April 28,

2010.  (Exhs. U-X, PD-7, PD-8); *Cogbill v. State*, 28 S.3d 143 (Fla. 1st DCA 2010.)

In the instant Petition, which Respondent concedes is timely, Petitioner asserts a single claim: trial counsel was ineffective for failing to move to suppress the evidence seized from his residence.  Petitioner argues that the police officer who came to his door to arrest him for unpaid child support violated the Fourth Amendment by not announcing himself before opening Petitioner's unlocked front door.  (Doc. 1.)  Respondent contends the claim is unexhausted and meritless.  (Doc. 20.)

### Section 2254 Standard of Review

There are limitations on the scope of this Court's review.  Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts

applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir. 2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also, Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

## **Ineffective Assistance of Counsel**

Because Petitioner's claim raises the issue of counsel's effectiveness, a review of *Strickland* is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 786 (2011). The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree

that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*.  So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*.  Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted.  *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one."  *Id.*  at 788.   When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard."  *Id*.  Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

### Trial Counsel's Failure to Move to Suppress Evidence

Petitioner raises one ground for relief in the instant petition: trial counsel was ineffective for failing to move "to suppress the impermissibly seized evidence as a result of Deputy Peoples unannounced opening of Petitioner's unlocked front door amounting to an unreasonable intrusion."  He argues that Deputy Peoples violated the knock and announce rule and perpetrated a warrantless entry, therefore any evidence later seized should be inadmissible under the exclusionary rule.[3]  (Doc. 1.)

---

[3]The Court notes that Petitioner's trial ended on June 16, 2004, prior to the U.S. Supreme Court's holding in *Hudson v. Michigan*, 547 U.S. 586 (2006) that violation of

*Case No: 5:09-cv-399-RH-GRJ*

Petitioner presented this claim to the state court as Ground Two of his first Rule 3.850 motion, alleging that trial counsel was ineffective to failing to move to suppress the evidence seized from his residence because the "search warrant was applied for and issued on the basis of information obtained from an unlawful predicate entry by law enforcement in violation of the Fourth Amendment." (Exh. E., p. 213.)  Petitioner argued that Deputy People's entry was lawful because (1) he did not have a reasonable belief that the location was Petitioner's dwelling because the reliability of the anonymous tip had not been established; and (2) he did not have reason to believe that Petitioner was inside, both predicates to executing "a misdemeanor warrant arrest entry." (*Id.* at pp. 213-16.)  Alternatively, Petitioner argued that the entry was also unconstitutional because Deputy Peoples opened the door before announcing his authority, in violation of the knock and announce rule.  (*Id.* at p. 215, n. 1.)

The state court rejected this claim on postconviction review:

> As to ground two, counsel was not ineffective for [not] moving to suppress evidence seized as the result of an earlier warrantless and unlawful entry by law enforcement.  The evidence establishes that Officer Peoples arrived at the subject's residence to arrest the defendant on a valid child support warrant.  The officer knocked and announced his presence.  The opening of the unlocked door and the officer's looking inside and observing the defendant approaching him was not improper.  There are no valid grounds to support a Motion to Suppress.

(*Id.* at pp. 236-38.)

At the evidentiary hearing conducted by the postconviction court, Petitioner's trial counsel testified that she did not feel there was any legal basis to file a motion to suppress.  (Exh. F, p. 258.)  She further testified that because she did not feel there

---

the knock and announce rule does not require suppression of evidence found in a search.

was a basis for the motion, her strategy was to avoid going over the evidence with the state witnesses "in a trial setting prior to the actual trial." (*Id.* at p. 265.)

Respondent contends that Petitioner did not properly exhaust his claim because his "reliance on the alleged legal insufficiency of a civil writ of attachment to support arrest was not raised in state court." (Doc. 20, p. 7.) The requirement that a federal habeas corpus petitioner exhaust available state court remedies is satisfied if the petitioner "fairly presents" his claim in each appropriate state court, alerting that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Respondent's exhaustion argument is strained at best, and the Court need not resolve the issue of exhaustion because the claim fails on the merits.

Trial counsel reasonably believed that there were no grounds for a motion to suppress where Deputy Peoples knocked and announced his presence, did not cross the threshold of the residence, and based his suspicions on fumes that emanated from the house when Petitioner exited. The postconviction court found that Deputy Peoples did nothing improper and that the totality of the circumstances (the confidential informant, Deputy People's observations, etc.) supported a finding of probable cause for the search warrant. (Exh. E, pp. 236-238.) Trial counsel strategically decided to refrain from filing a meritless motion in order to avoid giving the state's witnesses an opportunity to anticipate, before trial, what questions she would ask at trial.

Furthermore, even if Deputy Peoples improperly opened Petitioner's front door, this was not the conduct that led to his observations of the chemical fumes and jars of liquid. Rather, when Petitioner exited the door and surrendered to police, the fumes emanated from the residence and the jars were in plain view through the open door.

Moreover, the state court evidence shows that there were other factors that supported probable cause for the search warrant, including the information received from the confidential informant and Investigator Duncan's independent observations of methamphetamine-manufacturing items outside of the residence.  (Doc. 3, pp. 36-40.)

The Court, therefore, concludes that Petitioner has failed to show that counsel rendered ineffective assistance by not filing a motion to suppress that, under the facts of the case, would have been denied.  Accordingly, Petitioner has failed to show that the state court's rejection of this claim was contrary to, or an unreasonable application of *Strickland.*

## Conclusion

For the foregoing reasons it is respectfully **RECOMMENDED** that the Petition for a Writ of Habeas Corpus, Doc. 1, be **DENIED,** and that a certificate of appealability be **DENIED**.

**IN CHAMBERS**  this 7th day of March 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.